This kind of work makes everybody thirsty. Yes, it does. It certainly does. May it please the Court, my name is Nelson Mendez and I represent the petitioner, Mr. Alberto Mendoza Marmolejo, in this case. First of all, I'd like to reserve two minutes for rebuttal. There are facts in this case that cannot be disputed. One of them is that Mr. Marmolejo faces a removal order that banishes him forever from the United States if it is allowed to stand. Another fact that cannot be disputed is that the conviction underlying that removal order no longer exists. The California Superior State Courts do not have any record now of a conviction underlying the removal order. However, the Board of Immigration appeals in following a decision, a matter of pickering, which states that it will not give effect to state court orders that quash convictions if the motive of the state court was to grant humanitarian relief to an alien. That's the way I understand the law. This Court has also followed suit in cases such as Beltran, which basically states the same thing, that a conviction, a criminal conviction, will stand against an alien if the purpose of quashing the conviction was solely to grant the alien humanitarian or equitable relief. And how do we know, if we know at all, the motivation of the court, the state court, in rearranging the conviction so that he's now convicted on, I think I've got my counts right, he's convicted on count two instead of count one. That is correct, Your Honor. How do we know, if we know at all, what was motivating the Superior Court? It's difficult from the record to go behind the conviction like the Board did here and give a motive to the state court judge as to why he decided to allow Mr. Marmolejo to withdraw his plea and enter a new plea. Given that the Board has said that if a conviction is vacated for some reason, it will respect the vacating of the conviction if it is related to the merits, either procedurally or substantively, but not if it's done for sort of humanitarian reasons. I'm just kind of lumping some things together. How is the Board supposed to determine, when a conviction has been vacated, what the motivation of the lower court was? In a matter of opinion. And the second question, as you answer that, is whose burden is it to prove that? Your Honor, I believe that if the Board is undermining a state court order, it is the Board who must take facts on the record as to why they believe that the state court acted on humanitarian grounds. But aren't those matters that are largely within the control of the, that are better within the control of the alien rather than the Board? After all, it's the alien who's filed the petition. It's the alien who's got access to the records. Yes, Your Honor. I take that point. And in a matter of Pickering, for example, the Board did go and look at what the submission of the alien to the court was. In that case, it was a Canadian court, which the alien has submitted an affidavit stating that he needed the conviction, the Canadian conviction quashed because of immigration grounds. In this case, there's not much on the record except at pages on the AR at 7 through 9, it's all we have and all the Board has basically in order to determine what the basis for the state court doing away with the conviction was. Do we have the, do we have his petition to the lower court? No, it's not on the record, Your Honor. Our petitioner's position is that from the pages that are on the record, pages 7 through 9, which is the state court order, the Board could have reached the correct conclusion, which is that there were no immigration related humanitarian reasons why the state court acted as it did. The heading of this order on page 7 states that the vehicle used to get a court hearing was a habeas corpus motion. Habeas corpus motion by definition is a legal attack on the validity of the conviction. But we don't have his underlying motion for habeas. No, we do not, Your Honor. This is all that the Board was handed. Okay. This was back in 72. Those are public records though, right? Yes, Your Honor. Okay. And presumably Mr. Marmolejo would have a copy of that. Yes, Your Honor. But does the Board, does the burden rest on the Board to go find his petition or is it Mr. Marmolejo's responsibility to come forward and say, here's my petition and here's the result? Yes, Your Honor. I agree with the Court. It more than likely is the alien's burden. However, we did ask the Court, the Board, in our briefing that they should remand the case back to get more evidence if they, in fact, have doubts as to the motives behind the state court judge acting. Why is it the alien's burden? That is to say, as a general overarching matter, it's clearly the government's burden to show by, I think the word is, as the IJ said, and I'm now on AR-64, the overall burden of the government is to show by clear and convincing evidence that there is a conviction sufficient to support the removal. Why is it not part of the government's evidence, burden to show by clear and convincing evidence that this conviction as it now stands is a conviction such that it supports the removal order? That is to say, it's not the — the BIA doesn't have to go and find out what those documents are. The government could. I mean, once the government's on notice that you're relying on a vacated conviction, you know, where's the government on this? I mean, these are public records available to the government. I understand, Your Honor. It's easier for the government to get the records than it is for an alien who may have, you know, communication problems or confused by the system. Well, I'm not sure on that one because, I mean, the record that Judge Vibey is asking about is, tell me what the petition is that was presented to the superior court that underlay the withdrawal of the plea and the reentering of the new plea. I mean, obviously, while the alien himself may not have it, the alien's lawyer, namely you, likely does have it. On the other hand, all the government has to do is ask, and they're going to get it. Mr. Mendez, were you counseled below? Were you counseled in the superior court? I was counseled in the superior court, Your Honor. So you filed the petition for habeas corpus? I filed the petition for habeas corpus. Do you have a copy in your files? I do have a copy in my files, and it was filed. What happened at the State court level is that, as the administrative record shows, it was allowed to be withdrawn. On page 8 of the administrative record, the first full entries, towards the bottom, it says, motion for habeas corpus withdrawn by stipulation of both parties. So, in effect, it wasn't really made a part of the State court record. Right, but you have a copy of this in your files, which you could easily have provided to the BIA. Yes, I do, Your Honor. I asked the BIA if they would consider allowing me to remand the record back so we can get more evidence, if the question that the board had was the motive of the State court judge. Did you think about filing a motion to reopen or a motion for reconsideration with a copy of all the records? When I read the court's opinion, the Board of Immigration Appeals' opinion, I was pretty sure that that would be futile, Your Honor, because the board's position in this case is very clear. They want Mr. Marmolejo to be removed from the United States. I'm looking at page 2 of the board's order. Here, the respondent has failed to establish that his plea was withdrawn, and count one of the complaints was thereafter dismissed on account of a defect in the underlying criminal proceedings. That's a failure of proof. That's not an absolute resolve on the part of the BIA to see your client leave the country. That's a failure of proof. Your Honor, even though the record as submitted does not contain the motion that was actually filed, petitioner's position is that the record as it stands, page 7 through 9, are sufficient for the board to have concluded that the State court did not act on humanitarian grounds. This is not a reward that was given to Mr. Marmolejo. But isn't that going to depend on who's got the burden of proof? And you told me that you thought that it might be easier for the alien to bear that burden of proof than it would be for the government. In this type of cases, the government a lot of times asks the alien to produce documents. Judge Fletcher's question to you was, doesn't the government bear the ultimate burden of proof here, so shouldn't they have the burden of carrying this through all the way? I mean, I hate to be too much of an academic with all the vocabulary, but, Judge Bybee, I am tussling with the same problem. And there's a difference between burden of proof and burden of production. Maybe you should have the burden of production, even though the government has the ultimate burden of proof. I mean, this is a bit uncharted territory, I have to say. I don't have any case law that gets it down to this sort of fine-grained determination. I agree. The burden of establishing. Did you offer a copy of the habeas petition to the government? No, I did not, Your Honor. Petitioner's position has been that it's clear from the record that was submitted that you can glean what the state court did, and you cannot find that the state court acted just on humanitarian or merit grounds. Well, was this done in open court? Yes, it was, Your Honor. Wasn't there a transcript? As far as I know, the court's order, the state court's order was a very summary order, so I'm not sure how lengthy it is. That's what the judge said. I mean, was this conducted in chambers, or was it conducted in open court? Because I was the... And I used to grant dismissals in the interest of justice routinely, you know, but for a variety of reasons. Your Honor, it was done in chambers with the people, the Santa Barbara district attorney that was there. So it was done in chambers, all the negotiating to vacate the plea. But you went in there and you talked to the judge with the Santa Barbara DA, and the judge said, okay, I'll dismiss this in the interest of justice, and you enter a plea to this other count. That's what happened. Now, the underlying facts of this original conviction are, and I'm sure the government's listening now, so you may want to respond if I've mischaracterized either the facts of it or the possible implications that may be drawn from it. That original conviction is based on a NOLO plea. Correct. At the time of entering the NOLO plea, it's almost immediately after the paternity test comes back showing that he is the father. And the consequences of the NOLO plea are basically to get it off his back. He's represented by a public defender. And I'm having trouble even figuring out what it might mean within the structure of Pickering for a superior court judge to vacate that conviction because there was something wrong with it initially or because of some post hoc humanitarian reason. I mean, afterwards, he is quite faithful in his obligations to pay. At the time of the NOLO plea, it strikes me as a problematic prosecution in the first place, when there's almost no showing at that point, maybe none really, that could have been made on the record of his being delinquent. That is to say, that prosecution is brought almost simultaneously with the establishment of the paternity. It's not as though he's been sort of blowing off his obligation to pay child support for three years, and they finally bring him in or prosecute him. I can readily imagine under these circumstances that a superior court judge looking back at this, instead of saying this is a routine NOLO plea, now it's brought to his attention, well, you know, there was something screwy about this prosecution the first time around. Even entirely without adverse immigration consequences for the superior, it would have been perfectly sensible or understandable for the superior court judge to say there's something really screwy about this conviction. And so long as the prosecutor agrees, I'm going to get rid of the failure to pay child support, the neglect conviction, because, frankly, on the facts as I now understand them, that wasn't there. That's correct, Your Honor. That's exactly what happened. On page 102 of the record, it shows the initial conviction. He only got one day in jail, three years of summary probation. Had he already served the one day in jail at that point? At that point, I believe he had already served it. Yes. Time served. So it was to get it off his back. He had no idea that this would eventually be. Did you have any idea or did you have any idea or did it come up when you talked to the judge in chambers that, oh, I've got to do something here because it's going to affect his immigration status? Did that come up? It did come up, Your Honor. However, the gist of my habeas corpus motion was the ineffective assistance of the public defender, as Your Honor suggested, when the plea was initially taken. That was the effect of the habeas corpus motion because he had no idea of the exact consequences of that plea. That seemed at the time when he took the plea on page 102 that it would have nothing, no effect on his life other than pay a fine. He already did his time, and that was going to be the end of it. Now, it's very clear why, I mean, it doesn't take a genius to figure out why you are going back to the Superior Court trying to get that earlier conviction vacated. But that doesn't necessarily mean that the judge, in vacating the conviction and reinstating and convicting him on count two, which is basically disobeying a court order, which is not, contrary to what the BIA says, it is not a basis for removal. I mean, the Superior Court judge, in vacating that conviction and taking the new plea, could have had two motives, either one of which was sufficient. One was the motive as to why you're coming back, that is to say we've got an immigration problem. And the other one is the Superior Court judge could have said, you know, for reasons entirely independent of the immigration consequences, I think this is a bad conviction and I'm quite content to vacate it. I believe that that might have been the case. There is case law in California State courts that, to the point that if an alien is not given the exact immigration consequences of his plea, that the plea may be vacated on those grounds as ineffective assistance. Let me ask you this. Was the person in the DA's office that was after your client, was that the person who was assigned the job of going after these fathers who were delinquent on their child support payments? Yes, Your Honor. Who was that person? A person from the district attorney's office. Yeah. The deputy's name was Martinez, and his job is to make sure that fathers do pay up on their support payments. And he was the one that was there when we went into chambers with the judge. He was the one that had these criminal cases brought against your client, right? Yes, Your Honor. And then the blood test came back and showed that your client was the father. Correct, Your Honor. And then he paid up. That's correct. And he continues to pay up. He continues to pay up. So the DA was happy that a child was being supported, and your client found out he was the father and this was his kid, so he's been making the payments. And so he had done his job, and both of you went in to talk to the judge, and the judge was happy that he was making the payments and all the rest of it, and then you worked out your deal. And if he's sent back to Mexico, he's not going to be able to make those payments anymore. That is correct. That's the whole thing. It's ironic in this case, but that's exactly what will happen. Okay. So I'm sure I'd speculate that one of the judges' motives was, well, you've got to keep him here so he can pay this child support, and the child isn't a burden on the county, huh? Correct, Your Honor. What work does your client do? He's a truck driver. A truck driver. And the mother, what does she do? I'm not sure about the mother. He's actually trying to get custody because she's not a person that's very stable. So he's already got custody of one child, as the record shows in here, and he's trying to get custody of the child that was the basis of this plea. Okay. He's trying to do the right thing. He is trying to do the right thing, Your Honor. And we hope that the court finds that the vehicle he used to get this undone was the habeas corpus, which it's attacking the legal basis of that conviction. Thank you. Okay. Good morning, Your Honors. My name is Song Park for the Attorney General. May it please the Court. Mr. Marmolejo, in this case, challenges the Board's decision, finding him subject to removal as an alien convicted of a crime of child neglect because subsequent to the conclusion of his proceedings before the immigration judge, his conviction under California Penal Code Section 270 was dismissed. However, a vacated conviction alone, as this Court has recognized, is not sufficient to nullify that conviction for immigration purposes. Rather, that vacatur must have been the result of some type of defect during the underlying criminal proceedings. So who's got the burden? The government's position, given the fact pattern of this specific case, Your Honor, is that Mr. Marmolejo, the petitioner, had the burden. Okay. Now, how do you get there, given that the regulations state that the BIA must prove by clear and convincing evidence? That's correct. And in this case, what happened was the immigration proceedings before the immigration court concluded, prior to any vacation of the pleadings by the petitioner. So at the point that the appeal was taken initially before the Board, there was sufficient evidence, by clear and convincing evidence, established by the government that, in fact, Mr. Marmolejo was subject to removal under the charge that he was of child neglect. Now, let me stop you there, because we then have a subsequent proceeding, and that conviction is no longer on the books. And the government doesn't dispute that the conviction is no longer on the books, right? That's not at issue here. That's correct, Your Honor. Okay. Now, what would happen if the BIA was proceeding at a time when Mr. Marmolejo's appeals were still working their way through the California system? Could the government simply say, well, we have evidence of the conviction in the Superior Court, and we're ready to decide this case, and it's just tough that he's still before the California Court of Appeal or the California Supreme Court? We've proven our burden by clear and convincing evidence. If the question is that if there's an ongoing collateral attack in the criminal state court that's going on while Mr. Marmolejo's appeal had come before the board, then that is yes, that is correct, Your Honor, that the board would have to determine the appeal based on the facts behind it. It wouldn't look behind the conviction. The timing here was that the habeas corpus petition was filed after the decision by the board? No, it was filed after the decision of the immigration judge. Of the immigration judge, but before the board. That's correct. And what happened was Mr. Marmolejo, I had filed his appeal, before the board, and then while that particular appeal was pending before the board, then he went back to the state criminal court and had his convictions changed. And then he, in fact, filed not a motion to remand with the board, but in fact had filed a motion to terminate. And if you take a look at his motion to terminate, it does not indicate, unfortunately, anything aside from the fact, just asserting to the board that here are the changes to my conviction, and so therefore, it is no longer, no longer supports the charge of removability, and therefore, the court must terminate, the board must terminate this case. Let me ask you this. I think I'm right, and correct me if I'm wrong, that at the time of the proceeding in front of the BIA, the review by the BIA of the IJ's decision was de novo? Yes, Your Honor. So we start over. We're not reviewing this for substantial evidence. The BIA is simply being asked to decide whether based on the evidence in front of the BIA, the government has carried its burden of proof. Well, in this case, though, Your Honor, the motion that was filed, the motion to terminate filed by the petitioner in this case was more akin to a motion to reopen or a motion to reconsider that. But the BIA considers this evidence, and it rejects this evidence as insufficient. That's correct, Your Honor. So what I'm looking at is the BIA conducting its review proceeding de novo, and it says that we have enough evidence of a conviction that qualifies to support the removal order. But under the precedent decision, first, the government initially, in its hearings before the immigration judge, clearly established at that point that by clearing convincing evidence, Mr. Marmolejo was subject to removal as charged. Now, the government at what point when you say that? When it was before the immigration judge. I understand that. But we're now in front of the BIA. That's correct, Your Honor. And the BIA is revealing de novo, and the BIA now has evidence of the conviction having been vacated. And so the question is, has the government established in front of the BIA, by clear and convincing evidence, that there is a conviction that supports the removal order? The government was. Now, that doesn't yet take care of the burden of production question. But I think in front of the BIA, as in front of the IJ, the government has the burden of proof. Isn't that right? That's correct, Your Honor. And it's a de novo proceeding in front of the BIA. Isn't that right? Burden of proof. The government carries the burden of proof to demonstrate by clear and convincing evidence the charge of removal, that the alien is subject to removal. That's correct. Correct, Your Honor. And the basis for removal asserted by the government is this conviction. That is correct, Your Honor. However, as this Court has recognized, where a conviction has been altered, because not only did the Board consider the evidence that was submitted by the petitioner in support of his motion to terminate, but it also looked at the entirety of the documents which had been submitted by the government before the immigration judge. So the question became before the Board, well, there is this altered or vacated conviction. What was the reason behind the conviction? Did the California State Court elect to alter the previous conviction of the petitioner because they felt that it was some type of defect in the underlying criminal proceedings? Or was it of the type that went toward post-conviction relief, meaning some type of And why isn't it the burden of part of the government's burden of proof to show that this conviction has been vacated on an improper ground? Because, Your Honor, the government's position is in this case, because the conviction was altered post-immigration proceedings before the immigration court, the motion that was filed subsequent before the Board indicating that there had been a change in the conviction is akin to a motion to reopen, basically asking the Board, Yeah, but this is not a motion to reopen. This really is an appeal functionally, which is how the BIA treated it, as an appeal from the IJ's decision. That might be, but what the government would assert is that it may not be a motion to reopen directly, but it is very similar and is very akin to a motion to reopen, because what has happened is, in fact, there has been So you're saying that this is not a case where the government has the burden in front of the BIA to prove by clear and convincing evidence that this guy is removable? In this case, Your Honor, the government's position is that, in fact, the government has met its burden by clear and convincing evidence. So you're saying it has met its burden to show in front of the BIA by clear and convincing evidence? That's correct, Your Honor. It has, the government had met its burden by clear and convincing evidence that Mr. But that's not the question. The question when it gets to the BIA is whether or not the conviction as it now stands, which is now the new conviction, is sufficient. And as a part of that was the vacation of the old conviction on an improper ground under Pickering. That's the question in front of the BIA, so that we're no longer looking at the question that was in front of the IJ. That's correct. And in the board's perspective, it clearly found that the burden in this case that was relevant in determining whether this charge of removability could be sustained given the vacated conviction was whether, was the reasoning behind the state court's reasons for vacating that specific conviction. So the board held that we need to know, and it's not evident to us based on what has been submitted to the board, there's no way for us to determine whether this is something that was done for humanitarian purposes or whether this alteration of the board I guess. Okay. Then that's where we are right down to the hard problem. And that is to say, if the BIA doesn't know, who loses? That is to say, who has burden of production or burden of proof or whatever? Who bears the consequences, the adverse consequences of the BIA not knowing? Now, I have to say, this is a little bit off to one side. The BIA gave us two reasons for affirming the removal order. One of them was we can't tell whether this is a pickering vacation in the Superior Court. And the other one that the BIA gives, in any event, the second conviction, the new plea, is still the basis for removal. Now, that second one, the BIA is clearly wrong. I mean, that's just, the BIA is after lunch on that one, if I can state it in a colloquial fashion. So the only basis the BIA has is the first one. Who bears the burden for the fact that the BIA can't tell? In this case, government's position is that it was clearly in, it was Petitioner's burden to demonstrate the reason behind why his conviction was vacated and altered. And do you have any case law or do you have any regulation that says that? In Matter of Beckford, which is 22INN Decision 1216, which was a brief case. I'm sorry. You're going to have to slow down on that one. Sorry about that, Your Honor. It's called? Matter of Beckford, B-E-C-K-F-O-R-D. And the other side? 22INN Decision 1216. 1216? Okay. Yes. BIA 2000. And the facts of that case are a little bit different from this one because while it is within the context of a reduced or vacated conviction, it was set within, the question was set within the context of a motion to reopen. But within that, those facts, those set of facts, the Board did determine that the Petitioner had to show that the motion would not have been granted unless there was a reasonable likelihood of success upon reopening, meaning the Board clearly Yeah, but motion to reopen, that's your, that case is not only not on all fours, it's hardly on all ones. I mean, motion to reopen, burden of proof and standards and so on, that's just, that's a different proposition. It is, but it is instructive in that the Board clearly noted in that case that who is demonstrating the reasoning behind a state court's decision to reduce or vacate a sentence should have been something that the Petitioner in that case had produced. Counsel, let me back up just a little bit. When the Board reviews the IJ's decision, the Board is reviewing the decision de novo, is that correct? In this specific case, Your Honor, yes. In any case, when the BIA is reviewing the IJ's decision, is it reviewed de novo? Tell me about this case. If you can answer it on this case, we'll start with that. Yes, Your Honor. De novo review, okay. Yes, Your Honor. Now, is the BIA in reviewing de novo, and I want to prejudge the question here, is it limited to the record that was before the IJ? And there are two different concepts in administrative law, one being trial de novo and one being de novo review. De novo review is generally confined to the administrative record, to the record below, and is simply revisiting all the inferences. A trial de novo starts all over again, and you get to introduce whatever you want. That's correct, and I think it's the former of which Your Honor just addressed. So how does Mr. Marmoleko, then, get this in front of the Board? In other words, he's still, between the IJ's decision and the BIA's decision, we've got a record that's going to be transferred from the IJ to the BIA, which the BIA is going to review de novo. We now have additional facts, which Mr. Marmoleko thinks are extremely relevant to the decision by the BIA. How does he get those facts into the record before the BIA? Does he file a motion to reopen before he even can get to the BIA? All he had to simply do was either supplement his appeal, because his appeal had already been submitted to the Board at that point. He could have filed to supplement his brief and submitted the documents, including, Your Honor's had recognized earlier, this motion for a habeas petition that he had filed with the district court, which clearly would have outlined to the Board, here are the reasons why I sought a reduction or vacation of my sentence before the state court. Just to make sure I understand this, and I think I'm understanding you correctly, and if I am, I agree with you, when the case comes up from the IJ, the Petitioner is allowed within certain boundaries to supplement the record with new information. That is correct, Your Honor. And this information is of the sort that could have been provided as supplementary information that's properly before the Board as part of the appeal from the IJ. That is correct, Your Honor. And, in fact, he, in addition to applying to supplement his brief, he may also have filed a motion to remand, which also could have been a vehicle by which he could supplement the record before the Board for its consideration. The question isn't so much here. I think that's the question. How did this information get before the Board? The current information? I believe Mr. Marmoleo had filed a motion to terminate with the Board and then submitted just those select documents, which are found in the record, I believe, between pages 7 and 9 of the administrative record. From the court. From the state court. From the state court. Correct, Your Honor. But nothing precluded him from filing any additional evidence in support, including the motion that he had filed with the state court, indicating, requesting, here are the reasons why I believe. But I'm now reading from the BIA. The BIA's decision, Brook here, and the Respondent's native is in Mexico. He appeals the IJ's decision. The Respondent's appeal is dismissed. We affirm the decision with the following addition. So they're treating this as an appeal with a supplemented record. That's correct, Your Honor. Yeah. So whether he called it a motion to terminate or something else, the BIA is clearly treating this as an appeal with a supplemented, with supplemented information in the record. Right. Yeah. That's correct, Your Honor. And if that is how the court is also viewing the procedure that occurred before the Board, then, again, that was all of the entire proceedings, I think, could have been avoided. What burden is it to show that this result was allowing him to withdraw his plea and letting him plea to another offense was because of humanitarian reasons and not because of other reasons? That burden was with the Petitioner in this case, Your Honor. Why? Because, again, the supplement, if Your Honor chooses to view the additional information, the new information regarding his conviction as a supplement to his appeal, then the BIA so treated it. And if you so agree with the Board in having treated it that way. I'm happy to agree with the BIA. Okay. Then at that point, the additional information that was being submitted by the Petitioner in this case in support of his appeal clearly puts the burden on him to produce the necessary evidence to demonstrate why the State court reduced the sentence, whether it was for humanitarian reasons or whether it was because for reasons that related to the underlying criminal conviction. And to get back to Judge Fletcher's question. That's back to the hard question. That's correct, Your Honor. Why do you say the burden is on him when the ultimate burden of proof is clearly on the government? The ultimate burden of proof in terms of proving the removability charge is on the government, Your Honor. But it is in terms of trying to figure out forms of relief or benefits. We're not talking about relief. We're talking about removability, period. That's what this is all about. Is he or is he not removable? The government bears the ultimate burden of proof. We have no question about that. But you're saying that as a preliminary step to getting to the ultimate burden of proof, that the Petitioner has the burden of proof to show that this was vacated for a good rather than for a bad reason. And I think I asked you the question once before, and I'll ask it again, but I think the answer is you don't know. If there's any regulation that specifically tells us who bears the burden of production in this circumstance or whether there's any decisional law that tells us this. I think your answer is you don't know. I think the answer is that I don't believe that there is any specific regulation or statutory provision. Yes. But just to get back to that question that you had initially asked, Judge Fletcher, there is a case in the Second Circuit which arose out of a sentencing context. That's U.S. Valdovinos Solace, which is at 309. 209, yeah. 309. Sorry, Your Honor. 309. F3rd, 91. 91. Second Circuit, 2002. And the name again? I'm sorry. I didn't hear very well. It's United States versus Villas and Victor, A-L-D-O. V-O. Valdovinos. Okay. I got it. I've got the numbers right, so I can find it. Okay. But we have rules, too. So one of our rules is that you fill out a gum sheet, and then we each get one. So I'm not writing this down, because I strictly follow the rules. And I would be happy to fill that out for Your Honors. Counsel, does Mr. Marmolejo have any remedies at this point? If he's willing to come forward with additional, in the BIA's view, setting to one side who's got the burden of proof here, does Mr. Marmolejo say, look, I don't care who's got the burden of proof. I'll provide you with whatever you want. Tell me what you want. And open up his files on the habeas petition that he filed in Superior Court. Does he have any remedies at this point with BIA? I think the government's position is no, because unfortunately, Mr. Marmolejo has a previous conviction. I believe it's a drug conviction. So he had already utilized the availability of cancellation of removal at an earlier point. I believe it was sometime in the early 20s. But he can't reopen this matter to revisit it to say, look, you dinged me for not having the proof. Here's the proof. I've got it. Can he reopen? He can continue to move to reopen at this point. What is a bar to that motion to reopen before the board, or a motion to reconsider, however he chooses to phrase it, is there are timely limitations. He had to have filed either within 90 days for the removal. A motion to reopen usually is a loser. What if we were to remand the BIA with instructions to allow supplementing the record? Would you object to that? I think the government's position here would be yes, only because we believe that the board did not err in finding that it did. Well, but you've already told me that there's no case law telling us who has burden of proof or burden of production as to whether or not this is a valid vacation under Pickering. But I believe the both of those. In other words, there's no warning to him as to how much he had to submit. I think Pickering, though, makes it pretty clear that these are the two ways that immigration consequences may attach to a vacated conviction. Sure. That is clear on that point. And he was represented. But the question is how much does he have to present beyond? I mean, if I just look at the evidence that he has presented to the BIA, basically this one sheet that says, oh, we'll change the plea from this to that, I say at a minimum it's on its face a vacation that might well qualify as a proper vacation under Pickering to excuse him from removability. But as Your Honors noted earlier, it could just as easily have been for immigration consequences. Well, I'm not sure I can say just as easily. There are a lot of things about the underlying record here and stuff that was in front of the BIA as to why it was that a superior court judge, quite independent of any immigration consequences, would have allowed this replea. That's to say, you know, he pled to time served. The prosecution was brought almost immediately after the paternity was established. I mean, if I'm a superior court judge, I don't need the fact that he's about to be removed as a basis for allowing this replea. That may have been. Again, it's speculation at this part to figure out whether that's what was deriving or motivating the state court judge. On the other hand, when you take a look at the petitioner's opening brief in this matter, there's no allegation of any of that. All he asserts is simply that there was this ineffective assistance of counsel, and, you know, he could have specified all of that before the court. And there's no indication of that at all. Well, this part is ineffective assistance of counsel. I mean, the public defender allowing him to plead guilty to that was not a very smart thing. Well, but you see, they're not sensitive to these immigration consequences, and that's a far thing from their minds. But if the government has got the burden of persuasion here, then as far as his – that he presented this evidence that showed what occurred in court when he was allowed to withdraw his plea and then entered another plea. So he did that. But where does this burden of production come in? I don't understand that. Usually you have the burden of production if one side establishes what they call a prima facie case, then the other side has got to come forward with evidence that would rebut that prima facie case. That's where the burden of production comes in. But I don't think it comes in here. I mean, if there's a problem, then if we're doing this de novo, can the government ask to take depositions or send an investigator out and get the full superior court records and all the rest of it? Well, I think what makes this case different – The burden of proof never shifts. I think what makes this case different in terms of where the burden of producing the evidence lies is because of the procedural way – Why would he be required to produce any evidence? Because in a matter of Pickering, Your Honor, the board clearly held, and this court has agreed that the reason that motivates the state court to vacate a particular conviction is relevant to determine whether a charge of removability can or cannot be sustained. So then that burden is still on the government. But again, the facts of this case apply, is that it's not a case where the alien had gone back, had his conviction vacated or reduced, and then presented that evidence to the immigration judge and said, here is proof demonstrating that my conviction has been reduced, so therefore the government now has to demonstrate by clearing convincing evidence that under this new conviction, I am still subject to removal as charged. In this case, what happened was the government at the point before the immigration judge had proven all of that by the relevant conviction document submitted. And then while that appeal was pending before the board of that immigration judge's decision, which was – there was no error in the way the immigration judge found – Yeah, you know, you're ignoring all the conversation we've had before by emphasizing what was in front of the IJ. The relevant question is what's in front of the BIA. It's as if we were in front of a court with all of the documents in front of the BIA presented simultaneously. That's right, Your Honor. So we are presented simultaneously with the earlier conviction and the later rearranging of the conviction. That's right, Your Honor. And again, I think the board in weighing all of the conviction documents that had been submitted before the immigration judge and then looking at the new evidence that had been submitted by a petitioner in this case subsequent to the immigration – the conclusion of the immigration judge proceedings, I think the court – the board looked at that and said, well, we believe that this conviction still remains for immigration purposes. And the only way that could be nullified or erased is if there was some demonstration that the reduction or the vacation of the previous conviction was for a reason that related to the underlying defect in the criminal proceeding. He didn't even plead guilty the first time around. Are you focused on that? Plead guilty to his pressure? He did not plead guilty. It was a NOLO plea. I mean, and I understand it's a conviction for a purpose of conviction. That's correct, Your Honor. But if I'm the superior judge looking at the earlier plea and I'm asked to vacate it, that's relevant to me that it was a NOLO. That might be, Your Honor. But again, as Your Honor has noted earlier, some of the consequences of having him removed at this point from the United States Okay, let me back off of the detail of this, which is all intriguing detail. But let me back off for just a minute and talk about generally what's going on here. The basis for seeking removal here is a conviction for failure to pay child support. Under the circumstances of which we are now aware, the conviction was obtained actually before he really failed to pay child support. It was really obtained as a method of pressuring him into making child support because he was on probation. Realistically, that was what was going on. And he faithfully paid child support thereafter. This is now still a minor child, and the government is removing him to Mexico to a place where it is almost certain he will not be able to continue to make child support payments. There is something, it seems to me, odd about that. Now, my law clerk, whose views I sometimes share and sometimes don't, suggests to me that this is Kafkaesque, and the government is treating Kafka not as a warning but as an instruction manual. I mean, I do not understand why the government is seeking to do this. And I understand, Your Honor's concern, and it certainly does seem like this could be a very Kafkaesque circumstance. Unfortunately, Congress dictates the laws and determines which grounds create. Congress does not, however, dictate to the government which people it should prosecute, which people it should seek to remove. We don't even know the number of people who are in this country illegally. And to seek on this evidence to remove this person, whose only removable crime in front of us is this failure to pay child support under the circumstances we now have in front of us, so as to make it a virtual guarantee that he can no longer provide child support to a child who seems clearly to need it. What is going on here? Again, Your Honor, prosecutorial discretion may rest with the Department of Homeland Security, but the basis of removability as a charge, as a child neglect charge, is something that has been statutorily legislated by Congress. Congress has found that child neglect is an odd form of justice. Prosecutorial discretion, again, rests with the Department of Homeland Security, Your Honor, and they are following what has been legislated by Congress. But look, you know, if you're having a de novo hearing before the BIA, and the BIA has all of this information now, including this exhibit that comes out of the court, and it's the government's overall burden to prove by clear and convincing evidence that this person is removable, or that this change of police that took place was for humanitarian purposes, the government needs to, I think if you stop right there, it seems to me that the government has not shown by clear and convincing evidence that he is removable. And I don't see where this burden of production comes in unless you say, well, if he'd have been a nice person, you know, he'd have given us all this stuff, and he's kind of trying to hide the ball on us. But you could have always obtained that information either through the court or taking the deposition of, I suppose, of counsel. But that wasn't done, so I don't know where this burden of coming forward with the evidence comes in at all. I think you just look what's before the board at that time. I think, again, because it was new evidence that was submitted to the board as a means of supplementing his appeal. Well, it's up there. So you're starting all over again. And, again, I think... So why does it make a difference? Because it's new evidence or sold evidence? Why should that make a difference? Because I think, again, because this was a situation in which the alteration in the conviction came to the board directly as opposed to being presented to the immigration judge. In this case, it was a form of a supplement to his appeal to the board indicating, well, here's why the government is wrong in that this charge no longer sustains my immigration conviction. Given that to be the case and given that Petitioner clearly had the one simple document of the habeas petition that he could have filed in addition to the documents that he had already submitted to the board, I think that would have pretty much nullified this entire proceedings if all he had submitted was that one document indicating, here is the reason why we are seeking to get the reduction of my conviction. That would have made very clear to the board the reason behind the state court's alteration of his conviction. I don't know that that's the case. Judge Fletcher just brought that out, that he just pled no low and he spent one day in jail, time served. The reason that he hadn't been paying was because he didn't believe it was his child. As soon as that was shown, then he just paid up and continues to pay up. I think he has custody of the child and you've got problems with the mother and all the rest of it. But again, those circumstances again could equally convince a state court judge that there are some real strong humanitarian reasons here for vacating the conviction. Here are these horrible consequences the state court may believe are going to result. Maybe that's true, but that's the government's burden by clear and convincing evidence. And I see nothing in the law under Pickering to say that if the superior court judge has two independently sufficient reasons, that you have to ignore one of the two reasons that's fully proper under Pickering. I don't know that the board necessarily ignored one or the other. I think they said, well, we can't tell. Well, the board didn't know and it held it against the petitioner. In this case, that was the result, Your Honor. But again, the single document that could have eviscerated this entire process was acknowledged to be in the petitioner's possession and could very well. I'm not sure that single document's enough. I mean, who knows what's in the superior court judge's head? Who knows what the conversation is in the transcript? It may well be that the document says, and I wouldn't be at all surprised if the document, to give the judge, the superior court judge, the full context, the reason I'm here is that this guy's about to be deported or removed under the modern terminology as a basis of disconviction. And depending on the foresight of the lawyer and so on, he might or might not have said to the superior court judge, but I want you to make it clear, Your Honor, in your order rearranging or vacating that you're doing it not only for the humanitarian reason that brings me here, I mean, there's no question as to why he's here, but also for the independent reason that you would do this anyway. So I'm not sure that the document that he files is necessarily conclusive. It may or may not have been, but again, this is all speculation, Your Honor. We don't know. That is the problem. And the government made no effort, of course, to find this document. I don't know, Your Honor, what effort may or may not have been undertaken. I guess I have to say there's nothing on the record to indicate that the government made an effort to find this document. There was nothing certainly submitted by the government. I'm going to request the document. I doubt if on a proper request the Petitioner would have said, I'm not going to show it to you. I don't know, Your Honor. I'm speculating. I think what happens over there is that the government sees this document, and there's something in here about interest to justice, I think. And, you know, it just takes the position that, well, okay, if that's the reason, then it's for humanitarian reasons and not for other reasons, because that's what justice means, humanitarian reason. It doesn't mean that they shouldn't have filed in the first place against him. They shouldn't have done that until the paternity was established. So, you know, we don't know. We don't know what was said in chambers. I'm sure there was no court reported there. So the burden is still on the government. And what you did was when they looked at this document, that's your ---- when they looked at this document, and let me find it here. It's hard to read, too. But, again, the government would just like ---- Wait a second. Okay. The court dismissed it under 1385 penal code. That's a dismissal in the interest of justice. That's correct, Your Honor. And that can cover a lot of things. Exactly, Your Honor. And I think that was the Board's point was that that could cover any number of cases. That's the government's burden. But I think because the government in this case, and I know Judge Fletcher will disagree again, and I recognize the position Your Honor is coming from, but I think the government's position here was that it met its burden of proof in the first round. And on appeal, Petitioner came back with new evidence indicating, well, no, here are the altered facts that now change where I'm standing now. And the facts remain that he should have produced all the sufficient evidence to demonstrate that this was a conviction that was vacated regarding the underlying proceedings of his criminal proceedings and not just merely for humanitarian reasons. I see that I'm substantially out of time, Your Honor. Okay. Thanks. Thank you, Your Honors. Good job. The matter is submitted. The matter is submitted. All right. Let me just say, we pressed you pretty hard. Nice argument. It's a good argument, yeah. Yeah, we're going to take a quick break.
judges: Kozinki, Trott, Bea